UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT JOHNSON,

                           Plaintiff,

-vs-                                  **DECLARATION OF MAUREEN T. BASS**

TOWN OF GREECE,
WILLIAM D. REILICH,                   Civil Action No.: 6:23-cv-06441
MICHELLE MARINI,
KIRK MORRIS, and
KEITH SUHR,

                           Defendants.

MAUREEN T. BASS, Esq., an attorney duly admitted to practice in this Court, hereby affirms:

1. In connection with the preparation of this Declaration, we have (1) reviewed our firm's paper and electronic files, (2) searched my business email for the name "Bill Murphy" and "William Murphy", (3) searched my personal cell phone text messages for the names "Bill," Murphy," and "William," and (4) searched my personal cell phone for the phone number identified by Mr. Sleight as William Murphy's cell phone.

2. I have never texted or otherwise attempted to communicate with William Murphy about this case, our client or any other matter. Our review of the records noted in paragraph 1 is consistent with this statement. Mr. Murphy and I both participated in a fundraiser golf tournament last year and were seated near each other at the dinner. I do not recall having any conversation with William Murphy at the tournament.

3. I have had communications with counsel for William Murphy, Stephen Leonardo, Esq. and Joseph Sullivan, Esq.

4. On August 4, 2023, this case was commenced.

1

5. On August 7, 2023, our firm's managing partner received an email from Karlee Bolaños stating:

> My partner and I would like to have a brief conversation with you regarding a concern we have related to an attorney in your Rochester office. Kindly advise when you would have time to speak with us. I am sure you are quite busy, but we will not take much of your time and the information we want to share with you, we believe, is important to the operation of your firm.

6. Upon information and belief, Ms. Bolaños' law firm represents the Town of Greece and her partner Bill Lowe is the Town Attorney for the Town of Greece. Ms. Bolaños appears in the Plaintiff's First Amended Complaint as an individual who was aware that Plaintiff was working for Mr. Reilich's used vehicle business. Upon information and belief, our firm's managing partner did not return Ms. Bolaños' email to learn how our representation of Plaintiff was "important to the operation of (his) firm."

7. On January 22, 2024, I participated in the ESI conference with Mr. Sleight. As required, we discussed any potential ESI issues. It is my recollection, as confirmed by notes, that Mr. Sleight advised that all ESI data had been preserved without any issue. He further confirmed that while he could not provide me detail because he did not have his "notes" in front of him, he had personal knowledge of the completeness of the collection. During the call on January 22, 2024, Mr. Sleight made no mention of Mr. Murphy or his cell phone.

8. In his letter to this Court dated March 21, 2024, Mr. Sleight disclosed that his representations made during that call were not accurate as Defendants had not secured what they believed was relevant ESI from Mr. Murphy's phone. As further disclosed in that letter, Defendants had requested, but Mr. Murphy had allegedly "refused to" provide that information.

9. On January 24, 2024, we appeared before this Court in connection with a Rule 16 conference. During that conference, Mr. Sleight indicated that Defendants believed this to be a "wage and hour case" arguing that discovery should be confined to payroll matters.

10. During this call, Mr. Sleight made no reference to Mr. Murphy or his cell phone.

11. On the evening of February 12, 2024, I received an email from Lippes Mathias LLP with two attachments, that, like Ms. Bolaños' email, was copied to our firm's managing partner even though he has never appeared in this matter.

12. One attachment was purportedly a litigation hold notice on both my cell phone and Abrams Fensterman LLP. This litigation hold notice made no mention of Mr. Murphy.

13. Within moments of receiving that email, I called Mr. Sleight's office to discuss this communication, but was only able to reach voicemail.

14. On February 13, 2024, I sent a letter to Mr. Sleight requesting a meet and confer to discuss the "litigation hold" and provided available dates and times. A copy of that letter is attached as **Exhibit A.**

15. On February 14, 2024, Mr. Sleight responded with a letter again copied to Mr. Fensterman, advising that he would not meet and confer. That letter did not mention Mr. Murphy.

16. On February 16, 2024, Mr. Sleight identified Mr. Murphy in Defendants' Rule 26 Disclosures, which as this Court noted, did not provide any meaningful information about what information Mr. Murphy may have in connection with this matter.

17. On February 25, 2024, I sent Mr. Sleight a letter proposing three mediators. On February 26, 2024, Mr. Sleight sent a return letter rejecting all three mediators without any explanation. Mr. Sleight subsequently appeared at the mediation without his clients.

18. On March 12, 2024, Mr. Sleight submitted a proposed confidentiality stipulation and order to this Court.

19. On March 14, 2024, the Court directed the parties to "meet and confer on the emerging subpoena/litigation hold issues." Counsel for Defendants refused to meet and confer.

20. On March 21, 2024, Mr. Sleight submitted a letter to this Court which contained one

or more inaccurate statement, including "[t]he basis for that (litigation hold) letter, as again previously explained to Ms. Bass, includes the interview with Councilman Murphy."

21.   As noted above, Mr. Sleight had not "explained" anything relating to Mr. Murphy to me. Instead, Mr. Sleight failed to raise any issue during the preliminary conference, refused to participate in a meet and confer, and made no mention of Mr. Murphy in correspondence that he sent to myself and the managing partner of my firm.

22.   In my correspondence to the Court, I requested an inquiry because of the concerns raised by Mr. Murphy. I also believed the inquiry was appropriate as Mr. Sleight's actions did not seem to be a genuine effort to determine whether Defendants' case was prejudiced by alleged inappropriate communications between opposing counsel and a witness which no party has identified as having "any meaningful" discovery.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  May 17, 2024　　　　　　　　*Maureen T. Bass*
　　　　Rochester, New York　　　　　Maureen T. Bass, Esq.

4