# EXHIBIT A



Rochester
2280 East Avenue, 1st Floor
Rochester, New York 14610
585.218.9999 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

Maureen T. Bass, Esq.
Partner
mbass@abramslaw.com

VIA: E-Mail (ksleight@lippes.com)

February 13, 2024

Karl J. Sleight, Esq.
Lippes Mathias, LLP
54 State Street, Suite 1001
Albany, NY 12207-2527

    Re:    **Robert Johnson v. Town of Greece, William D. Reilich,
            Michelle Marini, Kirk Morris and Keith Suhr
            23-cv-6441-EAW-MJP**

Dear Mr. Sleight,

      Pursuant to Rule 7(d)(3) of the Local Rules of Civil Procedure for the Western District of New York and the Scheduling Order dated January 24, 2024, we are requesting a conference with you in connection with a good faith discussion of the discovery dispute detailed below. As Magistrate Judge Pedersen indicated that he wished to be promptly notified of any unresolvable discovery disputes, please advise of your availability to participate in a meet and confer during these times:

> **Wednesday, February 14th, 10:00 a.m. to 2:00 p.m.; 4:00 p.m. to 6:00 p.m.
> Thursday, February 15th, 10:00 a.m. to 12:00 p.m.
> Friday, February 16th, 9:00 a.m. to 5:00 p.m.**

      On February 12, 2024, you caused the "Litigation Hold Notice" to be emailed to me and my law firm's Managing Partner, Howard Fensterman. In that Litigation Hold Notice, you directed Abrams Fensterman to "take appropriate steps to preserve, identify and maintain all hardcopy and ESI records, including but not limited to all relevant and material data, including email, text messages, voice wave files with voicemail, and all other information relating to the above-referenced matter." Your Litigation Hold Notice further threatened that "failure to properly preserve such information can result in sanctions being imposed by the Court." You also directed that the Litigation Hold be noticed "to all individuals within Abrams Fensterman and those who were working with Abrams Fensterman on this matter who might have relevant information."



Karl J. Sleight
February 13, 2024
Page | 2

As the purported basis for the propriety of this Litigation Hold Notice on Plaintiff's counsel, you stated "[b]ased on the initial investigation of the facts and circumstances of this litigation, including an interview with a Town of Greece representative and examination of corroborating evidence independent of that interview," that "Abrams Fensterman, LLP (sic) is likely in possession of relevant and material information, including but not limited to electronically stored information (ESI) stored on the cellular telephone used by you."

In your Litigation Hold Notice, you fail to:

1. Identify the "material" information.
2. Identify any basis of your legal conclusion that such information is relevant, but not attorney work product.
3. Identify the source of the information or any of the "corroborating evidence."
4. Identify any circumstances supporting a good faith belief that any responsive discovery in my possession would be destroyed or not be produced in the ordinary course of discovery.
5. Identify any good faith basis to assert that Defendants would be entitled to conduct discovery on Plaintiff's counsel for information that counsel could not get elsewhere (as you seemingly represent that you already have text messages in your possession).

We believe that your Litigation Hold Notice was not proffered in good faith. Instead, it appears that your Litigation Hold Notice was intended to intimidate, threaten and harass me. Your letter, copied to the management of my firm, wrongly inferred that I had done something inappropriate or unethical in connection with my role as Plaintiff's counsel in this litigation. This is not Defendants' first attempt to disparage, threaten and intimidate me. Attached to this letter is a communication from Karlee Bolaños sent to Managing Partner Howard Fensterman on August 7, 2023. In that communication, Ms. Bolaños requests a call with herself and attorney Bill Lowe regarding "a concern we have related to an attorney in your Rochester office . . .(that) we believe is important to the operations of your firm."

Your specific reference to my phone and my phone number as an Officer of this Court can only be construed as a malicious attempt to convey to me that your clients can or have access to my personal information.

We believe that your actions may both be unethical and constitute the malicious and deliberate misuse of a Litigation Hold Notice that is in no way justified by the underlying legal action.



Karl J. Sleight
February 13, 2024
Page | 3

                                                         Very truly yours,

                                                         Maureen T. Bass, Esq.

# Maureen T. Bass

**Subject:** FW: Concern about statements made

**From:** Karlee Bolanos <Kbolanos@bolanoslowe.com>
**Sent:** Monday, August 7, 2023 6:30 PM
**To:** Howard Fensterman <HFensterman@Abramslaw.com>
**Subject:** Concern about statements made

**Caution: This email originated outside of the organization**

Good evening Mr. Fensterman,

My partner and I would like to have a brief conversation with you regarding a concern we have related to an attorney in your Rochester office. Kindly advise when you would have time to speak with us. I am sure you are quite busy, but we will not take much of your time and the information we want to share with you, we believe, is important to the operation of your firm.

Sincerely,

KARLEE S. BOLAÑOS *attorney*
kbolanos@bolanoslowe.com



## bolaños lowe

16 S. Main Street
Pittsford, NY 14534

*direct* 585.643.8444
*office* 585.643.8440
*fax* 585.643.8441


bolanoslowe.com

Statement of Confidentiality This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender.

1