UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT JOHNSON,

                Plaintiff,

        v.

TOWN OF GREECE, WILLIAM D. REILICH,
MICHELLE MARINI, KIRK MORRIS, and
KEITH SUHR,

                Defendants.
_____

**DECISION AND ORDER**

6:23-CV-06441 EAW MJP

## INTRODUCTION

Plaintiff Robert Johnson ("Plaintiff") commenced this action on August 4, 2023, asserting claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 (c) and (d), the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, New York Labor Law, state-law claims, 42 U.S.C. § 1983, and the Trafficking Victims Protection Act, 18 U.S.C. § 1595, against defendants Town of Greece, William D. Reilich ("Reilich"), Michelle Marini, Kirk Morris ("Morris), and Keith Suhr (collectively "Defendants"). (Dkt. 1; Dkt. 13). Currently pending before the undersigned are objections filed by Defendants (Dkt. 68) and Plaintiff (Dkt. 69) to a Report and Recommendation ("R&R") issued on May 5, 2025, by United States Magistrate Judge Mark W. Pedersen (Dkt. 67). For the reasons set forth below, the Court construes the R&R as non-dispositive in nature, rejects the parties' objections as failing to meet the clearly erroneous or contrary to law standard, and refers the matter back to Judge Pedersen.

## BACKGROUND

Familiarity with the R&R is assumed for the purpose of this Decision and Order. Briefly, on April 11, 2024, Judge Pedersen, to whom this matter has been referred for all non-dispositive pretrial matters (Dkt. 11), issued an order to show cause why he should not recommend the imposition of Rule 11 sanctions on either party (Dkt. 39). Judge Pedersen's order regarded inconsistent information about an alleged communication between William Murphy ("Murphy"), a councilman for the Town of Greece and a non-party witness, and Plaintiff's attorney, Maureen Bass ("Bass"). After a conference with the parties and reviewing submissions from Defendants' attorneys, Bass, and Murphy, Judge Pedersen could not reconcile the conflicting information before him to determine whether it was true that Bass and Murphy had not communicated with one another, or whether it was true that Defendants' attorneys heard Murphy acknowledge communication between him and Bass. Each party submitted declarations in response to the order to show cause. Judge Pedersen issued an R&R recommending that no Rule 11 sanctions be imposed but that the matter of inconsistent statements by Murphy be referred to the United States Attorney's Office for possible perjury prosecution.

Defendants and Plaintiff filed objections to the R&R on May 19, 2025 (Dkt. 68; Dkt. 69), responses on June 9, 2025 (Dkt. 71; Dkt. 72), and replies on June 16, 2025 (Dkt. 73; Dkt. 74). Defendants "do not object to any substantive part" of the R&R and "urge the Court to adopt the [R&R] with some modifications," namely to correct an allegedly incorrect statement in the R&R that only two individuals witnessed Murphy acknowledge that he was contacted by Bass. (Dkt. 68 at 1). Defendants allege that four people witnessed

Murphy make that acknowledgement: defendants Morris and Reilich, and Defendants' attorneys Kevin Overton ("Overton") and Karl Sleight ("Sleight"). (Dkt. 68 at 1). Plaintiff objects on the basis that a referral to the United States Attorney's Office for an inquiry into whether Murphy committed perjury is not warranted under the facts on the record, particularly because Murphy was not given the opportunity to "explain his seemingly incongruous comments." (Dkt. 69 at 4, 9-11).

## DISCUSSION

### I. Nature of the R&R and Standard of Review

As a threshold matter, the Court must address whether the R&R addresses dispositive matters and ascertain the proper standard of review. Judge Pedersen recognized in his R&R that "whether a magistrate judge has authority to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or its inherent powers remains unresolved in the Second Circuit." (Dkt. 67 at 17). Judge Pedersen adhered to the approach of numerous magistrate judges in this District who view the imposition of Rule 11 sanctions as dispositive, and therefore issued his determination as an R&R. (*Id.*)

Although it is an open question in this Circuit whether a magistrate judge may impose Rule 11 sanctions, *see LCS Group, LLC v. Shire Dev. LLC*, Nos. 20-2319, 20-2587, 2022 WL 1217961, at *3 (2d Cir. Apr. 26, 2022) (citing *Kiobel v. Millson*, 592 F.3d 78, 79 (2d Cir. 2010)), the issue here is narrower. Because Judge Pedersen determined that sanctions are unwarranted, the question is whether a magistrate judge needs to issue an R&R even when recommending against the imposition of sanctions. Neither party addresses this issue in their objections.

Under the circumstances of this case, the Court finds that the R&R is non-dispositive in nature and therefore it was unnecessary for Judge Pedersen to issue it as a recommendation to the undersigned. The Court is particularly persuaded that this is the proper course of action here because neither party is seeking to have the opposing party sanctioned and neither Plaintiff nor Defendants object to Judge Pedersen's conclusion that neither party should be sanctioned at this time. In fact, neither party filed a motion for sanctions in the first place—Judge Pedersen raised the issue *sua sponte* and directed the parties to respond. Considering that the practical effect of the denial of sanctions on the litigation as a whole is, at least in this case, minimal, *see Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008) ("Where, as here, a party argues that a district court erroneously treated a matter referred to a magistrate judge as 'non dispositive' and thus failed to review *de novo* the decision by a magistrate judge in that matter, our sister circuits have analyzed the practical effect of the challenged action on the instant litigation.") (collecting cases), the Court determines that Judge Pedersen's result is non-dispositive.

Thus, this Court's review of Judge Pedersen's conclusion is limited by the highly deferential standard set forth in Federal Rule of Civil Procedure 72(a), which asks whether the determination was clearly erroneous or contrary to law. "[A] district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014) (quotations and citations omitted); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules

of procedure" (quotation omitted)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (quotations, citation, and alterations omitted)), *aff'd*, 460 F. App'x 66 (2d Cir. 2012).

## II. The Court Rejects the Parties' Objections

Taking the parties objections in turn, the Court first finds that neither party comes close to establishing that Judge Pedersen's conclusions were clearly erroneous or contrary to law—indeed, they do not even address that standard.

With respect to Judge Pedersen's statement that "two witnesses . . . directly contradict Mr. Murphy's sworn statement filed in this case" (Dkt. 67 at 20), viewed in context of the paragraph as a whole, the Court finds no clear error. Judge Pedersen referred to Reilich and Sleight as witnesses because they were the people to whom Murphy allegedly said that he had communicated with Bass. In consideration of Judge Pedersen's entire R&R, which includes both Morris and Overton's accounts of what they heard Murphy say (Dkt. 67 at 11-12), the Court does not conclude that Judge Pedersen's statement is clearly erroneous.

And in light of Murphy's inconsistent statements before Judge Pedersen, the Court finds no clear error in Judge Pedersen's conclusion that a referral to the United States Attorney's Office for a possible perjury prosecution is warranted. That said, it is entirely within Judge Pedersen's authority to make this referral. *See Ades v. 57th St. Laser Cosmetica, LLC*, 2013 WL 2449185, at *13 (S.D.N.Y. June 6, 2013) (magistrate judge

referred witness who "testified falsely under oath" to the United States Attorney's Office "for investigation and, if appropriate, prosecution for perjury"). Accordingly, the matter is referred back to Judge Pedersen to decide whether to make the referral. After all, Judge Pedersen is much more familiar with the procedural posture of the case and history of Murphy's inconsistent statements.

## CONCLUSION

For the reasons set forth above, Defendants' and Plaintiff's objections are overruled, but the Court declines to adopt the Report and Recommendation as it relates to non-dispositive matters entirely within the authority of Judge Pedersen. To be clear, the Court finds no clear error in Judge Pedersen's conclusions.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 23, 2025
       Rochester, New York